# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 10, 2008

Charles R. Fulbruge III
Clerk

No. 07-31036
Summary Calendar

NELSON ANDRE AGUILLARD

Plaintiff-Appellant

V.

MICHAEL B MUKASEY, Attorney General, United States Department of
Justice; HARLEY G LAPPIN, Director of the Federal Bureau of Prisons

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:07-CV-299

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Nelson Andre Aguillard ("Aguillard") injured his back
while working for the Bureau of Prisons ("BOP"). He then brought suit under
the Rehabilitation Act, alleging that the BOP failed to provide him with a
reasonable accommodation that would allow him to work within the limits of his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

injury. The district court granted summary judgment in favor of the government. For the following reasons, we AFFIRM.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Aguillard served as a correctional officer at the Federal Detention Center in Oakdale, Louisiana, from July 14, 1991, until the BOP terminated his employment on June 28, 1999. On September 28, 1998, Aguillard suffered a back injury at work while trying to lift a metal crash barrier. He visited a doctor the next day, who diagnosed him with a lumbar strain and later concluded that Aguillard had a bulging lumbar disc. On December 21, 1998, his physician, Dr. John Schutte, cleared Aguillard to return to work under the condition that he neither sit for more than two hours at a time nor lift more than thirty pounds. Dr. Schutte believed that Aguillard's condition was temporary in nature and that he could still perform his duties, with these restrictions. Aguillard then returned to work on January 17, 1999, but he could not complete his shift due to back pain. On January 26, 1999, a second physician, Dr. Wayne Lindemann, agreed with Dr. Schutte that Aguillard's injury was temporary, and he cleared Aguillard to return to work with similar restrictions on his activities. The BOP offered Aguillard a temporary light-duty assignment as a Morning Watch Officer/Correctional Officer, which entailed duties that were consistent with the doctors' restrictions. Aguillard rejected this offer, stating that his back injury precluded him from supervising inmates. Dr. Lindemann agreed with Aguillard, opining that Aguillard might aggravate his back injury if he had to discipline or maintain control of inmates.

Based on Dr. Lindemann's report, the BOP offered Aguillard a position as a Front Entry Officer. The BOP assured Aguillard that he would not have to discipline or maintain control of inmates and further stated that Aguillard would not be forced to respond to emergencies involving the inmates for the next ninety days. Aguillard rejected this offer as well, claiming that the Front Entry Officer

position still would include contact with inmates and that exempting him from responding to emergencies was unrealistic. The BOP reviewed its current vacancies to determine if it could offer Aguillard a different position. Finding no other suitable position for Aguillard that would be consistent with his skills and injury-related restrictions, the BOP terminated Aguillard's employment.

Aguillard then filed a formal complaint of employment discrimination with the Equal Employment Opportunity Commission ("EEOC"). An administrative law judge ("ALJ") found that the BOP failed to reasonably accommodate Aguillard's physical impairment. However, the Department of Justice's Complaint Adjudication Office disagreed, issuing a Final Order finding that Aguillard did not present sufficient evidence of a disability and that the BOP was justified in terminating Aguillard's employment. The Final Order authorized the BOP to appeal the ALJ's decision to the EEOC's Office of Federal Operations. On appeal, the Office of Federal Operations also found that Aguillard did not have a disability, and that even if he did, the BOP had provided a reasonable accommodation. Aguillard filed suit in the district court against the Department of Justice and the Federal Bureau of Prisons, alleging that the BOP violated Section 501 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 791. The district court granted summary judgment in favor of the government. Aguillard appeals.

## II. JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction over the district court's final order granting summary judgment pursuant to 28 U.S.C. § 1291. This court reviews a district court's grant of summary judgment de novo, applying the same standard as the district court. See Fierros v. Tex. Dep't of Health, 274 F.3d 187, 190 (5th Cir. 2001). We will affirm a district court's decision to grant summary judgment if "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).

## III. DISCUSSION

An individual claiming discrimination under the Rehabilitation Act must show that he (1) is an "individual with a disability," (2) was "otherwise qualified" for the job in question, (3) "worked for a program or activity receiving Federal financial assistance," and (4) "was discriminated against solely by reason of her or his disability." Hileman v. City of Dallas, 115 F.3d 352, 353 (5th Cir. 1997) (citing 29 U.S.C. § 794(a)). An "individual with a disability" is a person who "(1) has a physical or mental impairment which 'substantially limits one or more of such person's major life activities'; (2) has a 'record' of such an impairment; or (3) is 'regarded' as having such an impairment." Id. (quoting 29 U.S.C. § 706(8)(B)). Aguillard does not contend that he has a "record" of an impairment or that he is "regarded" as having an impairment, so to qualify under the Rehabilitation Act, he must demonstrate that his back injury "substantially limits one or more of [his] major life activities." 29 U.S.C. § 706(8)(B).

In Toyota Motor Manufacturing, Kentucky, Inc. v. Williams, the Supreme Court stated, "Merely having an impairment does not make one disabled . . . . Claimants also need to demonstrate that the impairment limits a major life activity." 534 U.S. 184, 195 (2002). The Court defined "major life activities" as "those activities that are of central importance to daily life." Id. at 197. With regard to whether the performance of manual tasks qualifies as a "major life activity," the Court held that "to be substantially limited in performing manual tasks, an individual must have an impairment that prevents or severely restricts the individual from doing activities that are of central importance to most people's daily lives. The impairment's impact must also be permanent or long-term." Id. at 198; see also 29 C.F.R. § 1630.2(j)(2) (listing, as factors to determine if an individual is "substantially limited in a major life activity," "(i) The nature and severity of the impairment; (ii) The duration or expected

duration of the impairment; and (iii) The permanent or long term impact, or the expected permanent or long term impact of or resulting from the impairment").

Here, Aguillard failed to assert that his back injury prevented him from performing any major life activities. Indeed, two doctors agreed that Aguillard could return to work with certain minor restrictions, and none of those restrictions implied that Aguillard's impairment limited a major life activity. Further, the medical evidence reveals that his injury was not permanent or long-term. Although Aguillard presented his own affidavit to the district court that outlined his daily struggles because of his back injury, he does not refute the statements from his doctors that his back injury was temporary. Aguillard also admits that he would not have required any accommodation in his employment after he received proper treatment because his condition was not permanent. Accordingly, Aguillard cannot make it past the first step of the analysis, as he is not an "individual with a disability" under the Rehabilitation Act.

## IV. CONCLUSION

Although it is undisputed that Aguillard suffered a back injury during his employment, it is also clear that the limited and temporary nature of his injury precludes him from relief. Therefore, the district court properly granted summary judgment in favor of the government.

AFFIRMED.